*The following opinion was delivered
By the Chancellor.
This was an action by M’Kinster against the present plaintiffs in error, for a neglect to give notice to the endorsers of the non-payment of a note left at the Utica Bank for collection. By the decision of this court in The Bank of Utica v. Smedes, 3 Cowen’s Rep. 662, it was settled that the bank was liable to an action for a neglect to give notice to the endorsers, according to the usual course and practice of banks ; and that the receiving of the note for collection, and the probable benefit which the bank might derive from a temporary deposit of the money if the note was paid, formed a sufficient consideration to charge the bank with the duty of giving notice to the endorsers. The only questions, therefore, to be considered in the present case are, whether, upon the facts found by the special verdict. M’Kinster was the proper party to bring the suit; and if so, whether the declaration was in the proper form to enable him to recover on those facts.
It is insisted by the plaintiffs in error that their liability is founded upon the agreement made with Pardee, who left the notes for collection in his own name, and that, they are responsible to him alone. I apprehend, however, that this duty on the part of a bank, not being founded upon any express contract with the individual depositing the note for collection, but upon an implied agreement arising from the custom of banks, the duty is raised, or the assumpsit implied in behalf of such person as may be beneficially interested in having the duty performed—that if A. leaves a note for collection, and B. becomes the owner *477 of it before the time for the performance of the duty arrives, the latter is the proper person to bring the suit for an injury arising from the neglect of that duty. In this case, if the facts would warrant the conclusion that M’Kinster was the general owner, and Pardee the special owner, as pawnee of the note, at the time of the breach of duty occurred, it might perhaps come within that class of cases where the one or the other may maintain an action according to the actual injury sustained. The case of Dawes v. Peck, 8 Term Rep. 330, which was an action against a carrier for a neglect *of duty in not delivering goods sent by the plaintiff to another person, does not militate against this principle. In that case the plaintiff had no interest whatever in the goods sent, and had sustained no injury by the non-delivery thereof. Although the plaintiff paid the usual price of booking, on delivery of the goods to the carrier, yet it appeared from the plaintiff’s letter to the consignee, which was given in evidence by the defendant, that the goods had been sent to the consignee upon his order, in the manner which he had directed. The moment the goods were delivered to the carrier, therefore, they were at the sole risk of the consignee, and the plaintiff had no longer even special interest in the goods, by which he could sustain any injury from the neglect of the carrier. The court, therefore, very properly decided that the action should be brought in the name of the consignee, who alone could have sustained any damage by the non-delivery of the goods. In that case, Lord Kenyon says, whoever has sustained the loss, is the proper person to call for compensation from the person by whom he has been injured. The consideration of the duty in the present case was not the deposit of the proceeds of the note to the credit of Pardee, or of any particular person ; but the benefit the bank might receive from the temporary deposit, without reference to any particular person in whose name the deposit might be entered on the books of the bank. The direction to place the proceeds to the credit of Pardee, formed no part of the consideration on which the duty of the bank was founded, and affords no criterion for determining in whose name the suit should be brought. Here it is expressly found by the jury, that by the agreement between M’Kinster and Pardee at the time the notes were received, they were to be returned to the former, if they were not paid; and it does not appear that the latter was even authorized to retain them until his own debt was paid. If this was so, then the note belonged to M’Kinster, and he had a right to a return of it, after the drawer had neglected to pay it, during banking hours on the last day of grace ; and the whole legal title was vested in the plaintiff at the time of the neglect of the bank to give notice to the endorsers, which must necessarily have been subsequent to that time. In any view I have been able to *take of this case, M’Kinster was the proper person to bring an action in this form; although, perhaps, upon express agreement between Pardee and the bank, Pardee might have sustained an action in form ex contractu, for the benefit of M’Kinster, founded upon the privity of contract. See Jones’ Law of Carriers, 51, and Joseph v. Knox, 3 Campb. N. P. Rep. 320.
The jury having found that the note was to be returned to the plaintiff, in case of non-payment, the question does not arise, as to what would have been the proper mode of declaring, if the note had.been delivered to Pardee, to be retained until his debt was paid. Upon the facts found, the subsequent payment of the debt to Pardee does not appear to have been material to the plaintiff’s right to recover in this case. I think the plaintiff in the court below was entitled to judgment upon the special verdict; and that such judgment, which was rendered by the supreme court should no^v be affirmed.
*479 On the question being put, Shall this question be reversed 1 all the members of the court present (20) voted in the negative. Whereupon the judgment of the supreme court was affirmed.